# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Criminal Action No. 17-20238

v.                                         HONORABLE DENISE PAGE HOOD

DARRELL LEE,

    Defendant.

_____/

## ORDER DENYING MOTION REQUESTING SENTENCING TRANSCRIPTS (ECF NO. 29)

This matter is before the Court on Defendant Darrell Lee's Motion Requesting Sentencing Transcripts. On April 20, 2018, the late Honorable Marianne O. Battani filed a Judgment pursuant to a Rule 11 Plea Agreement between Lee and the United States. (ECF No. 27) Lee pled guilty to Counts 2 (Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1)) and 3 (Possession of a Firearm in Furtherance of a Drug Trafficking Offense, 18 U.S.C. § 924(c)) of the Indictment. Lee was sentenced to a 60-month term of imprisonment on Count 2, and a 60-month term of imprisonment on Count 3, to be served consecutively. (ECF No. 27, PageID.92) No appeal was taken on the sentence imposed under the Judgment, nor any other post-judgment matter filed to date, other than the instant Motion (filed five years after the imposition of the sentence).

Lee asserts that he is in the process of challenging his conviction (which he admitted to under a Rule 11 Plea Agreement), and requires his sentencing transcripts. The Court assumes Lee is requesting a transcript under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, since there is no requirement for a motion or court approval if Lee directly contacts the court reporter for a transcript and pays the court reporter the applicable fee for the transcript.

Under the CJA, the Court must approve transcripts when counsel or a defendant proceeding *pro se*, submits Form CJA 24 (or in this instance, a motion). Transcripts are generally approved for a current open criminal matter, an appeal, or a motion under 28 U.S.C. § 2255. The Supreme Court has held that the expenditure of public funds is proper only when authorized by Congress. *See United States v. MacCollom,* 426 U.S. 317, 321 (1976). The Court Reporters Act provides that a court reporter may charge and collect fees for transcripts requested by parties and that fees for transcripts furnished in criminal proceedings to persons under the CJA shall be paid by the United States out of moneys appropriated for those purposes. 28 U.S.C. § 753(f). The CJA provides that "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). "Other services" covers the expense of transcripts so long as there is sufficient showing of need and

2

status under the CJA.  *United States v. Brown,* 443 F.2d 659, 660 (D.C. Cir. 1970).

As noted above, no appeal was taken in this case, nor any post-judgment motion filed under 28 U.S.C. § 2255.  The Court cannot approve Lee's request for his sentencing transcripts since there are no current proceedings before the Court that are eligible under the CJA.  Lee is able to directly contact the court reporter to request a transcript by paying the applicable fee for such transcript without court approval.

Accordingly,

IT IS ORDERED that Defendant Darrell Lee's Motion Requesting Sentencing Transcripts **(ECF No. 29)** is DENIED.  Lee may contact the court reporter (Darlene May) directly in writing requesting for a transcript by paying the applicable fee for the transcript.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: May 10, 2023